UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>        Plaintiff,<br><br>v.<br><br>R. MOBERT,<br><br>        Defendant. | Case No.: 1:17-cv-00709-AWI-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO ORDER<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTED COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 14) |

## I. Introduction

Plaintiff Rogelio May Ruiz is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On May 23, 2017, the Court issued an order denying Plaintiff's motion for an interpreter. (ECF No. 8.) Currently before the Court are Plaintiff's objections to that order. (ECF No. 14.)

## II. Request for Appointed Counsel

Plaintiff states that he seeks the appointment of bilingual, Spanish-speaking counsel, as he does not speak or write in English.

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 n.1 (9th Cir. 1998). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. The record reflects that Plaintiff cannot read or write in the English language. However, Plaintiff's recent submissions, including the current motion, have all been translated into English by an unnamed translator. Plaintiff does not explain under what circumstances he has access to such a translator, or whether he can be accommodated to obtain translation assistance through his institution or with the assistance of other inmates. Without this information, the Court cannot conclude that exceptional circumstances exist. The Court has also not yet screened Plaintiff's complaint, and therefore cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint will be screened in due course.

Therefore, Plaintiff's request for appointed counsel is denied, without prejudice.

**III.  Petition for Writ of Mandamus**

Plaintiff also seeks an order by writ of mandamus regarding his legal property, which he has not received since being transferred. The federal mandamus status provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy, however. It is available to compel a federal officer to perform a duty only if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. See Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986).

Plaintiff states that his property is being held by state officials, not a federal official, and therefore no writ may be issued regarding his request. See Demons v. U.S. District Court, 925

F.2d 1160, 1161-62 (9th Cir. 1991) (a petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as matter of law). Further, Plaintiff states that he has just recently been transferred to a new facility, and is currently being held in ASU. Plaintiff's property may be in the process of being transferred to him as part of the regular procedures. Plaintiff should request his property when he is able to, and may inform the Court if necessary if he does not receive legal property needed for prosecuting this action.

## IV.  Conclusion and Order

For the reasons explained above, it is HEREBY ORDERED that:

1. Plaintiff's objections to the Court's May 23, 2017 order are overruled;
2. Plaintiff's request for the appointment of counsel is denied, without prejudice; and
3. Plaintiff's petition for a writ of mandamus is denied.

IT IS SO ORDERED.

Dated: **September 14, 2017**          /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE