UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>v.<br><br>R. MOBERT,<br><br>    Defendant. | Case No.: 1:17-cv-00709-AWI-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO COURT'S DENIAL OF EQUAL PROTECTION RIGHTS TO SPANISH INTERPRETER<br><br>(ECF No. 30) |

**I.     Introduction**

Plaintiff Rogelio May Ruiz is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's objections to the Court's denial of equal protection rights to a Spanish interpreter, filed on November 27, 2017. (ECF No. 30.) Plaintiff objects to the denial of his request for bilingual, Spanish-speaking appointed counsel to assist him with prosecuting this action. Plaintiff contends that the lack of assistance of bilingual counsel denies him access to the courts and violates his due process and equal protection rights. Plaintiff seeks for the Court's prior order denying his request for the appointment of bilingual counsel to be reconsidered.

**II.    Notice of Appeal**

Previously in this case, Plaintiff filed a motion for a Spanish-speaking interpreter, which was denied. (ECF No. 8.) Plaintiff then filed objections to that order, specifying that he sought the

appointment of bilingual, Spanish-speaking counsel to translate for him and represent him in this action. (ECF No. 14.) On September 14, 2017, the Court overruled the objections and denied Plaintiff's request for counsel, without prejudice. (ECF No. 17.) On November 13, 2017, Plaintiff filed a notice of appeal appealing the Court's order denying his request for the appointment of bilingual, Spanish-speaking counsel. (ECF No. 23.)

In general, the filing a notice of appeal transfers jurisdiction over the matters appealed to the court of appeals, and the district court is divested of jurisdiction over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam); Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001). However, a notice of appeal from a non-appealable order will not divest the district court of jurisdiction. Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993); United States v. Garner, 663 F.2d 834, 838 (9th Cir. 1981); Ruby v. Secretary of the Navy, 365 F.2d 385, 389 (9th Cir. 1966) (en banc). "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007).

Here, Plaintiff appeals the Court's order denying his request for bilingual counsel. The denial of his request for counsel was made without prejudice, and is not a final, appealable order of the Court. Thus, Plaintiff's filing of the notice of appeal did not deprive the court of jurisdiction to address his current objections and request for reconsideration.

**III.    Request for Reconsideration**

Plaintiff seeks reconsideration of the Court's order denying him bilingual, Spanish-speaking counsel based on his inability to understand, speak, or write in English, and his status as a mental health patient. Plaintiff contends that the assistance of bilingual counsel is necessary for him to be given a fair chance to obtain relief, and required pursuant to his equal protection and due process rights.

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). A party seeking reconsideration must set forth

facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. As discussed in the Court's September 14, 2017 order, the Court previously considered Plaintiff's contentions that he is an inmate with developmental disabilities, is being treated for mental health conditions, and that he is unable to read and write in English. Nevertheless, the Court found that Plaintiff's recent submissions had been translated into English. The instant objections have also been translated into English, and Plaintiff has submitted a first amended complaint written in English concurrently with the instant objections. Thus, the record reflects that Plaintiff is receiving assistance sufficient to allow him to prosecute this litigation, and he is able to articulate his claims. Plaintiff has not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex. Furthermore, at this early stage in the litigation, where the Court has not yet screened Plaintiff's complaint, it cannot make any determination that he is likely to succeed on the merits. Therefore, the Court does not find sufficient grounds to reconsider its order denying Plaintiff's request for appointed counsel.

**IV. Conclusion and Order**

For the reasons explained above, Plaintiff's objections to the Court's September 14, 2017 order are HEREBY OVERRULED. Plaintiff's request for the Court to reconsider its order denying the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **November 29, 2017**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE