UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>v.<br><br>R. MOBERT,<br><br>    Defendant. | Case No.: 1:17-cv-00709-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTED COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 33) |

## I. Introduction

Plaintiff Rogelio May Ruiz is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

On June 29, 2017, Plaintiff filed a motion for a Spanish-speaking interpreter, (ECF No. 7), which was denied, (ECF No. 8). Plaintiff then filed objections to that order, specifying that he sought the appointment of bilingual, Spanish-speaking counsel to translate for him and represent him in this action. (ECF No. 14.) On September 14, 2017, the Court overruled the objections and denied Plaintiff's request for counsel, without prejudice. (ECF No. 17.)

On November 13, 2017, Plaintiff filed a notice of appeal appealing the Court's order denying his request for the appointment of bilingual, Spanish-speaking counsel. (ECF No. 23.) Shortly thereafter, on November 27, 2017, Plaintiff filed objections to Court's September 14, 2017 order, and requested bilingual, Spanish-speaking appointed counsel to assist him with prosecuting this action. (ECF No. 30.)

On November 29, 2017, the Court determined that the filing of the notice of appeal did not deprive the court of jurisdiction to address his objections and request for counsel. (ECF No. 32.) The Court further considered Plaintiff's arguments and the record, and overruled the objections and denied his request for counsel, without prejudice. (Id.)

Currently before the Court is Plaintiff's motion requesting the appointment of counsel, filed on December 18, 2017. (ECF No. 33.)

**II.     Discussion**

Plaintiff states that he seeks the appointment of counsel because he was born in Mexico and does not speak English. Plaintiff states that his submissions in English are done by himself with the use of a dictionary or through help from other inmates. Plaintiff states that he has lost his dictionary and his neighbor who helped him has been moved. Plaintiff further states that his case is exceptional because of limitations in accessing a law library, the appeals coordinator's office, and interpreters.

As Plaintiff has been advised, he does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).[1]

However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

---

[1] Plaintiff states that he would like a public defender, which is typically a reference to a court-appointed attorney in a criminal case for people who cannot afford a lawyer. Unlike in a criminal case, there is no constitutional right to appointed counsel in a § 1983 action. Storseth v. Spellman, 645 F.2d 1349, 1353 (9th Cir. 1981) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1093) (9th Cir. 1980).

2

In this case, the record reflects that Plaintiff is receiving assistance sufficient to allow him to prosecute this litigation, and he is able to articulate his claims. Plaintiff has not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Furthermore, at this early stage in the litigation, the Court cannot make any determination that Plaintiff is likely to succeed on the merits. Therefore, the Court does not find exceptional circumstances here warranting a search for voluntary counsel to appoint in this case.

**III. Conclusion and Order**

For the reasons explained above, Plaintiff's motion to appoint counsel, filed on December 18, 2017 (ECF No. 33), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**December 21, 2017**__          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE