UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>R. MOBERT,<br><br>    Defendant. | Case No. 1:17-cv-00709-AWI-JDP<br><br>ORDER ON RECRUITMENT OF COUNSEL |

Plaintiff Rogelio May Ruiz, a state prisoner, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. The undersigned will attempt to recruit counsel for the reasons discussed below.

### I. Background

This case is still at the screening stage, even though the original complaint is dated November 2016. (Doc. No. 1, at 7.) Plaintiff's previous complaints were in Spanish and did not comply with pleading requirements. (Doc. Nos. 1, 18, 21, 26.) Plaintiff has requested a Spanish interpreter from the court, and the court has denied his requests. (Doc. Nos. 7, 8, 23, 32.) According to plaintiff, he had drafted some of his submissions in English by using an English dictionary and with some help of an individual from his prison who is no longer available to help him. (Doc. No. 33 at 1.) Plaintiff then filed an amended complaint in English and a notice of appeal challenging the order denying his request for a Spanish interpreter. (Doc. Nos. 23, 31.) The Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction because he did not appeal a final decision by a district court. (Doc. Nos. 35, 36.) After this

court received a mandate from the Ninth Circuit, the magistrate judge assigned to this case recused herself, and the case is now assigned to the undersigned. (Doc. No. 37, at 1.)

In his amended complaint written in English, plaintiff alleges that defendant R. Mobert used excessive force in some way that caused his right hand to be dragged on asphalt. (Doc. No. 31, at 3.) He also appears to allege that another defendant denied him access to court by denying him an interpreter and by dismissing his complaint. (*See id*.) In his submissions captioned "objections" to the court's orders denying him a Spanish interpreter, plaintiff states that his case concerns excessive force, falsification of documents, lost property, and obstruction of justice. (*See* Doc Nos. 14 at 1, 80-83, 23 at 1.) In a letter addressed to the court, plaintiff states that an officer coerced him to sign a report stating that plaintiff battered another inmate. (Doc. No. 14 at 80-81.)

**II. Discussion**

The court will attempt to recruit counsel for plaintiff. A pro se litigant has no right to counsel in a civil action, *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and a district court may only request an attorney to represent a pro se litigant who cannot afford an attorney, *see* 28 U.S.C. § 1915(e)(1). To decide whether to recruit counsel, the court considers two factors: (1) whether the pro se litigant has a "likelihood of success on the merits"; and (2) whether the pro se litigant can "articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, and the district court must consider both factors cumulatively. *Id*. Weighing the factors is a matter committed to the court's discretion, *see id*., and no bright-line rule dictates how the court should carry out that task.

Here, the court begins with the second factor, which strongly favors recruiting counsel for plaintiff. Plaintiff states that he has developmental disabilities. (Doc. No. 14 at 1.) An exhibit attached to plaintiff's original complaint shows that prison officials have determined that plaintiff needed a Spanish interpreter for a disciplinary hearing. (Doc. No. 1 at 17, 20). And a report from his institution of incarceration indicates, under the section titled "Disability/Assistance," that staff needed to speak to plaintiff slowly and in simple language,

and that plaintiff needed a Spanish interpreter. (Doc. No. 30 at 8.) Plaintiff's submissions also show that he has difficulties understanding court procedures: for example, he filed motions to proceed *in forma pauperis*, even after the court had allowed him to do so. (*See, e.g.*, Doc. Nos. 15, 24.)

The first factor—likelihood of success on the merits—neither militates against nor in favor of recruiting counsel. Plaintiff's allegations of excessive force, denial of access to court, or falsification of documents could state a claim if plaintiff provides additional details by amending his complaint. Further, in a Section 1983 civil rights action, the court's willingness to afford a pro se plaintiff the benefit of doubt is at its "zenith," *Ross v. Williams*, 896 F.3d 958, 969 (9th Cir. 2018), and the court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)). On the other hand, plaintiff has difficulties articulating his claims, and the court needs additional details from plaintiff to evaluate his claims.

The court will attempt to recruit counsel for plaintiff for the limited purpose of drafting the complaint. The court unfortunately cannot recruit counsel for every pro se litigant given the sheer number of pro se litigants asking for counsel. If the court succeeds in recruiting counsel, the attorney for plaintiff will assist him in amending his complaint, and the attorney would have the option—but no obligation—to continue representing him. Even before filing an amended complaint, the attorney may withdraw from representation by filing a proper motion and explaining the circumstances that warrant the withdrawal of representation. The court will not approve any expenses that the attorney may incur before screening the amended complaint prepared by counsel, even though counsel may recover such costs if plaintiff prevails. Thus, the court will attempt to recruit counsel who is either fluent in Spanish or willing to pay the expenses for translator or interpreter. If the court finds no attorney willing to represent plaintiff within three months from the date of this order, the court will inform

plaintiff and decide how to proceed.  Meanwhile, plaintiff should attempt to find help at his institution of confinement, as the court cannot guarantee that an attorney will represent him.

**Order**

The court will attempt to recruit counsel for plaintiff Rogelio May Ruiz.  The Alternative Dispute Resolution and Pro Bono Program Director is directed to recruit counsel from the Pro Bono Panel.

IT IS SO ORDERED.

Dated:   September 27, 2018

UNITED STATES MAGISTRATE JUDGE