UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. MOBERT, *et al.*,<br><br>　　　　Defendants. | Case No. 1:17-cv-00709-AWI-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON HIS EXCESSIVE FORCE CLAIM AGAINST DEFENDANT MOBERT AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>ECF No. 43 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's second amended complaint, filed August 26, 2019, ECF No. 43, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that defendant Mobert dragged his hand across the ground, causing pain and injury. Plaintiff further alleges that defendant Mobert reported false information that led to a false charge, which was recorded by defendant Hicks. Plaintiff has stated an excessive force claim against defendant Mobert, but no other claims. Thus, we recommend that all other claims and defendants be dismissed.

**I. SCREENING AND PLEADING REQUIREMENTS**

A federal court is required to screen a prisoner's complaint seeking relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify

1

any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged

deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff alleged sufficient facts to satisfy the causation requirement.

In his second amended complaint, plaintiff states no claims or factual allegations related to defendant Parra. Thus, plaintiff has not alleged any claims against defendant Parra. To the extent that plaintiff seeks to sue defendant Parra based on the defendant's supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates. *See Iqbal*, 556 U.S. at 676-77.

The only individuals who plaintiff alleges, with specificity, personally participated in his injury are defendants Mobert and Hicks. Thus, we examine those claims below.

**A. Excessive Force**

The Eighth Amendment's prohibition against cruel and unusual punishment forbids excessive force in prison. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An excessive force claim "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 795 (9th Cir. 2018) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). To decide whether a defendant used excessive force, a court ordinarily considers "(1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response." *Lyons v. Busi*, 566 F. Supp. 2d 1172, 1186-87 (E.D. Cal. 2008) (quoting *Hudson*, 503 U.S. at 7). A district court will give deference to prison officials' decision to use force when the

use of force pertains to security and order in prison. *See Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Here, accepting plaintiff's allegations as true, we find that he has stated an excessive force claim against defendant Mobert. Plaintiff alleges that defendant Mobert dragged plaintiff's right hand on the ground, causing a large injury, pain, and bleeding.

### B. False Disciplinary Report

Prisoners retain their Fourteenth Amendment right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison disciplinary proceedings need not afford a prisoner the full panoply of rights afforded a defendant in a criminal proceeding. *See id*. at 556. However, where serious rules violations are alleged and the sanctions to be applied are severe enough, the Due Process Clause requires certain minimum procedural protections. *See id*. at 571-72.

Prisoners may assert a procedural due process claim for changes in conditions so severe as to affect the sentence imposed in an unexpected manner. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally-protected liberty interest, provided that the liberty interest in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or that "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487.[1]

Plaintiff's complaint fails to state a claim for a due process violation based on the disciplinary proceeding for the charge of battery. Plaintiff was sent to "the hole"—meaning he

---

[1] To determine whether a restraint is an "atypical and significant hardship," three guideposts have been identified to frame the inquiry: whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody; the duration of the condition and degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence. *See Chappell v. Mandeville*, 706 F.3d 1052, 1065 (9th Cir. 2013).

4

was placed in administrative segregation—for three months. This type of sanction does not trigger any need for procedural protections under the federal constitution. *See Sandin*, 515 U.S. at 478.

Plaintiff alleges that defendant Mobert made a false accusation against him and falsified the disciplinary report. Plaintiff alleges that defendant Mobert instructed defendant Hicks to change a medical report and that defendant Hicks did so. False charges alone are not actionable under § 1983 because falsely accusing a person of misconduct does not violate a right secured by the Constitution or laws of the United States. An allegation of a false charge that results in discipline that is not severe enough to amount to a deprivation of a protected liberty interest under *Sandin*—that is, by imposing an atypical and significant hardship or by inevitably affecting the duration of confinement—does not state a claim under § 1983. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir.2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*). Even if the false charge does result in discipline that amounts to the deprivation of a protected liberty interest under Sandin, a § 1983 claim is not stated if the inmate is afforded the procedural protections required by federal law at the disciplinary hearing. *See Smith*, 293 F.3d at 654.

In his second amended complaint, plaintiff fails to allege that an atypical or significant hardship was imposed as a result of any false charges. Plaintiff also fails to allege that he was not afforded a disciplinary hearing. Thus, he has stated no claims related to false disciplinary charges.

**III.     RECOMMENDATIONS**

We have screened plaintiff's complaint and conclude that he has stated an excessive force claims against defendant Mobert. He has stated no other claims. Plaintiff has been given numerous opportunities to amend his complaint, including the appointment of counsel to draft a complaint for him. Thus, further opportunity to amend would be futile. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). In light of this conclusion and for the reasons stated above, plaintiff should be allowed to proceed on his excessive force claim against defendant

5

Mobert and all other claims and defendants should be dismissed.

We submit the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: January 28, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.

6