UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. MOBERT,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00709-AWI-JDP<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ECF No. 46 |

　　　　Plaintiff is a prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  Plaintiff moves for the appointment of counsel.  ECF No. 46.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

1

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  Plaintiff was appointed counsel in this case to help him amend his complaint. ECF No. 39.  Plaintiff is now able to state a claim.  ECF No. 48.  The allegations in the complaint are not exceptionally complicated.  Further, plaintiff has not demonstrated that he is likely to succeed on the merits.

Plaintiff also raises the issue that he primarily speaks Spanish.  While interpreter services are available to the court under limited circumstances to translate oral proceedings, there is no statutory right—or source of funding available to the court—for a plaintiff in a civil suit to have written documents translated.  *See Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 575 (2012) (holding that interpretation services under the Court Interpreters Act, 28 U.S.C. § 1920, do not include costs for document translation).

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, plaintiff's motion to appoint counsel, ECF No. 46, is denied without prejudice.

IT IS SO ORDERED.

Dated:   August 24, 2020                                    _____
                                                                                 UNITED STATES MAGISTRATE JUDGE

No. 204.