# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff<br><br>　v.<br><br>R. MOBERT, et al.,<br><br>　　　　Defendants | CASE NO. 1:17-CV-0709 AWI HBK<br><br>ORDER ON MOTION FOR RECONSIDERATION<br><br>(Doc. No. 52) |

　　Plaintiff Rogelio May Ruiz is a prisoner proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 case. Currently before the Court is a motion styled as a Request to Appointment of Counsel and for Reconsideration. See Doc. No. 52. In reality, the document is motion for reconsideration of a denial by the Magistrate Judge of a motion to appoint counsel.

*Legal Standard*

　　A district court may refer pretrial issues to a magistrate judge to either hear and decide or issue findings and recommendations. See 28 U.S.C. § 636(b)(1); Khrapunov v. Prosyankin, 931 F.3d 922, 930-31 (9th Cir. 2019); Bhan v.NME Hosps., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); Khrapunov, 931 F.3d at 931; Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991). A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and

1  firm conviction that a mistake has been committed. Security Farms v. International Bhd. of
2  Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Avalos v. Foster Poultry Farms, 798 F.Supp.2d
3  1156, 1160 (E.D. Cal. 2011).  The "contrary to law" standard allows independent, plenary review
4  of purely legal determinations by the magistrate judge.  See PowerShare, Inc. v. Syntel, Inc., 597
5  F.3d 10, 15 (5th Cir. 2010); Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir.1992); Avalos,
6  798 F.Supp.2d at 1160; Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011).
7  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or
8  rules of procedure."  Calderon v. Experian Info. Solutions, Inc., 290 F.R.D. 508, 511 (D. Idaho
9  2013); Jadwin, 767 F.Supp.2d at 1111.

*Plaintiff's Argument*

Plaintiff states that he needs an attorney that speaks Spanish as his interpreter, since he only speaks Spanish and cannot litigate or understand court rules.  Plaintiff states that the defendants committed criminal actions against him and that the Court is now committing discrimination and obstruction against him by not appointing an attorney to act as interpreter.

*Discussion*

The Magistrate Judge denied Plaintiff's prior request for counsel.  See Doc. No. 51.  The Magistrate Judge held that Plaintiff had no constitutional right to counsel, and the Court could not require that counsel represent him.  See id.  The Magistrate Judge noted that, while volunteer counsel could be requested in exceptional circumstances, this was not such a case.  See id.  The Magistrate Judge held that the allegations in the active complaint are not exceptionally complicated, and there was no demonstration of a likelihood of success on the merits.  See id.  Finally, while noting that Plaintiff is primarily a Spanish speaker, there is no right or source of funding interpreter services of written documents.  See id.

After review, the Court cannot hold that the Magistrate Judge has abused its discretion or that the decision is contrary to law.  In terms of appointment of counsel, the conclusion that Plaintiff has not demonstrated exceptional circumstances pursuant to *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) is not contrary to law.  Further, with respect to the services of an interpreter, the expenditure of public funds on behalf of indigent litigants is proper only when

authorized by Congress.  United States v. MacCollom, 426 U.S. 317, 321 (1976); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989).  No statutory authority has been identified that would authorize the services of an interpreter in this case.  Finally, the Court notes that a review of the docket for the Eastern District of California indicates that Plaintiff has filed approximately 26 lawsuits, a number of which remain pending.  It would appear that despite educational and language barriers, Plaintiff has been able to pursue legal claims in federal court.[1]  Therefore, Plaintiff has failed to demonstrate that reconsideration is warranted.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. No. 52) is DENIED.

IT IS SO ORDERED.

Dated:   April 6, 2021                               _____
                                                     SENIOR  DISTRICT  JUDGE

---

[1] The Court is not holding that the number of lawsuits Plaintiff has filed prevents a finding that exceptional circumstances warrant the appointment of volunteer counsel.  The Court is merely pointing out Plaintiff's litigation history demonstrates that the federal judicial system is clearly accessible to Plaintiff and that, contrary to his assertions, there is no discrimination against him.