| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ROGELIO MAY RUIZ, | Case No. 1:17-cv-00709-AWI-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| R. MOBERT, *Official Regular at CSATF Corcoran Prison*, | (Doc. No. 57) |
| Defendant. | OBJECTION PERIOD TWENTY-ONE DAYS |

Plaintiff Rogelio May Ruiz ("Plaintiff" or "Ruiz"), a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on December 23, 2016. (Doc. Nos. 1, 11). Ruiz is proceeding on his Second Amended Complaint (Doc. No. 43, "SAC") as screened which alleges an Eighth Amendment excessive use of force claim against Defendant Mobert. (Doc. Nos. 44, 48, 49). Pending is Defendant Mobert's Motion to Dismiss filed November 19, 2020, seeking dismissal of the SAC pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that the claim is barred by claim preclusion. (Doc. No. 57, "Motion"). Ruiz did not timely file a response to the Motion. (*See* docket). On April 7, 2021, in an abundance of caution, the Court *sua sponte* granted *pro se* Plaintiff a twenty-one-day extension of time to file an opposition, if any, to the Motion. (Doc. No. 59). That additional time has

expired, and Ruiz elected not to file an opposition. (*See* docket). Based upon the facts in the record and governing law, the undersigned recommends Defendant's Motion be granted and this action be dismissed with prejudice.

## I. APPLICABLE LAW

A motion filed under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Because Ruiz is a *pro se* litigant, his pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerne*r, 404 U.S. 519, 520 (1972). The court has an obligation to construe pro se pleadings liberally, *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc), however, a liberal interpretation of a pro se complaint does not require the court to supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992)

A motion to dismiss on the basis of claim preclusion or *res judicata* is properly brought under Rule 12(b)(6) if the defense does not raise any disputed issues of fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984). When a claim was or could have been raised in a prior action, it cannot subsequently be brought in a separate matter. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Clements v. Airport Auth. of Washoe County,* 69 F.3d 321, 327 (9th Cir. 1995); *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Claim preclusion "applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Jacobsen v. Rushmore Loan Mgmt. Servs., LLC*, 831 F. App'x 353, 354 (9th Cir. 2020) (citation and internal

quotation marks omitted). While courts are typically constrained to the operative complaint when evaluating a motion to dismiss, they are permitted to take judicial notice of "matters of public record." *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Illinois*, 983 F.3d 435, 439 (9th Cir. 2020).

## II. FACTS AND ANALYSIS

### A. Judicial Notice

Defendant requests the Court to take judicial notice of the proceedings in *Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.). (Doc. No. 57-2). This Court may "judicially notice" facts and documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This encompasses other court proceedings "if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

Defendant submits the Eight Amendment claim in the SAC stems from the same incident that formed the claim in another case already adjudicated on the merits. *See Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.). For the Court to evaluate the validity of Defendant's argument, the Court must examine the related case file to determine whether Ruiz's present claim mirrors or arises from this other cause of action. The documents of which Defendant requests the Court to take judicial notice – the docket and select filings in a separate case within this Court – are documents whose accuracy is self-evident. Accordingly, the Court takes judicial notice of the docket in *Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.) and the filings therein.

### B. *Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.)

Plaintiff initiated the case *Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.) on September 26, 2017 in the Northern District of California. (*Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.), Doc. No. 1). The case was transferred to this Court on October 18, 2018 because the allegations within Plaintiff's complaint occurred at California State Prison, Corcoran ("CSP-Corcoran") which is within this Court's jurisdiction. (*Id.* at Doc. Nos. 10, 11).

Plaintiff's original complaint was screened and found deficient because it was written in Spanish. (*Id.* at Doc. No. 19). Plaintiff was given leave to and filed an amended complaint. (*Id.* at Doc. Nos. 19, 20). The Court again determined it failed to state a cognizable claim. (*Id.* at Doc. No. 20). Plaintiff was provided leave to further amend his complaint. (*Id.*).

Plaintiff's second amended complaint was filed on July 31, 2018. (*Id.* at Doc. No. 24). In that complaint, Plaintiff alleged that on December 4, 2013, he was "arrested" by R. Mobert and Mobert did not transfer Plaintiff's personal property when he was moved to a different cell in CSP-Corcoran. (*Id.* at 3). Plaintiff claimed that an inventory of his property was forged by "J. Curry." (*Id.*). Both R. Mobert and J. Curry were named as Defendants. (*Id.* at 2). Plaintiff requested the Court order Defendants to return his property. (*Id.*).

On January 3, 2019, the Court screened Plaintiff's second amended complaint and again determined it stated no cognizable claims. (*Id.* at Doc. No. 28). Because Plaintiff "was provided the applicable pleading requirements and legal standards for his claims in the prior screening order," the Court concluded further amendments would be futile and thus recommended dismissal with prejudice. (*Id.*). The Findings and Recommendations were adopted in full on February 25, 2019, and judgment was entered against Plaintiff. (*Id.* at Doc. No. 35). Plaintiff unsuccessfully appealed that judgment to the Ninth Circuit. (*Id.* at Doc. Nos. 37-41, 43-45). Two subsequent motions for reconsideration were denied by this Court as "frivolous and untimely." (*Id.* at Doc. Nos. 46-49).

### C. *Ruiz v. Mobert*, No. 1:17-cv-00709-AWI-HBK (E.D. Cal.)

Ruiz likewise originally commenced this instant action in the Northern District of California and filed his initial complaint in Spanish. (Doc. Nos. 1, 18). After transfer to this Court on May 23, 2017 (Doc. No. 4), Ruiz filed an amended complaint on November 27, 2017. (Doc. No. 31). The Court appointed Ruiz limited counsel for purposes of filing a First Amended Complaint, which as screened was found to state an Eighth Amendment claim against Defendant Mobert. (Doc. Nos. 41, 42). Nonetheless, Ruiz elected to file a SAC, which is the operative complaint in this matter. (Doc. No. 43). Therein Plaintiff alleges, *inter alia*, that Defendant R.

Mobert used excessive force against him during his "arrest" on December 3, 2013[1] when he dragged Plaintiff's hand across the ground, causing a "big injury" and considerable bleeding. (*Id.* at 3). Plaintiff further claims Defendant Mobert filed a false report about the incident which led to Plaintiff's internal transfer where Plaintiff "lost all my [sic] propertys." (*Id.* at 4-5). The Court screened Plaintiff's SAC and again permitted only the excessive force claim against Defendant Mobert to proceed. (Doc. No. 44).

**D. Identity of Claims**

Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrines of claim preclusion and/or *res judicata* (*i.e.* issue preclusion) protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–154 (1979).

In evaluating whether there is identity between the claims the Court considers four factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917-18 (9th Cir. 2012) (internal quotations and citations omitted). The "most important" of these four factors is whether the claim stems from the same nucleus of facts. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir. 1982). The undersigned considers each of the factors in seriatim.

*i. Rights or Interests*

The first factor, whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action weighs against claim preclusion. The

---

[1] The First Amended Complaint states the action occurred on December 4, 2014. (Doc. No. 41 at 3, ¶ 11).

Court notes the present action was technically transferred to this Court a few months before *Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.) was transferred, although the second transferred action proceeded first. However, the Findings and Recommendations were adopted in full and judgment was entered against Plaintiff in the second action on February 25, 2019, well before Ruiz filed his Second Amended Complaint in the instant action on August 26, 2019. Nonetheless, the other action did not broach whether Defendant used excessive force. The Court's finding that Plaintiff failed to allege a cognizable claim in alleging Defendant Mobert refused to return his property has no bearing on whether Defendant used excessive force.

### ii. Substantial Evidence

The second factor, whether substantially the same evidence is presented in the two actions, cuts narrowly against identity of claims. Plaintiff's SAC alleges Defendant used excessive force against him on December 3, 2013. (Doc. No. 43 at 3-4). It further alleges that, as a result of the incident with Defendant, Plaintiff was sent to "the hole" where he lost his property. (*Id.* at 4-5). Plaintiff's complaint in *Ruiz v. Curry* centers on that loss of property and does not mention Defendant's alleged excessive force. (*Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.), Doc. No. 24). Thus, while the facts of both complaints stem from the same overarching incident, they focus on different aspects of it – excessive force and loss of property, respectively.

### iii. Infringement of Same Rights

The third factor, whether the two suits involve infringement of the same right, cuts against identity of claims. Based upon the allegations in the SAC, the Court found Ruiz's claim alleged an Eighth Amendment excessive use of force claim. The Court's Findings and Recommendations in *Ruiz v. Curry* concluded Plaintiff filed a non-cognizable claim for Fourteenth Amendment denial of due process against Defendant concerning his property. (*Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.), Doc. No. 28). The *Curry* Findings and Recommendations did not address Eighth Amendment excessive force because Plaintiff's complaint in that matter did not raise it. (*Id.*).

///

*iv. Same Nucleus of Facts*

Despite the previous three factors not favoring identity of claims, the Court nonetheless concludes the most important factor – whether the two complaints stem from the same nucleus of facts – demonstrates identity of claims. Plaintiff's present complaint for excessive force alleges that on or about December 3, 2013, Defendant Mobert injured Plaintiff's hand during the same "arrest" and then filed a false report about that incident which initiated Plaintiff's transfer causing his lost property. (Doc. No. 43 at 3-5). Plaintiff's complaint in *Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.) alleges that on December 3, 2013 Defendant Mobert "arrested" him and then failed to transfer Plaintiff's personal property when he was moved to a different cell in CSP-Corcoran. It is apparent that both complaints stem from the same incident and dispute. Indeed, both the First Amended Complaint filed in this action and SAC alleged both claims: An Eighth Amendment claim for excessive use of force and a Fourteenth Amendment loss of property claim. (*Compare* Doc. No. 41 with 43). The Court, however, did not permit the Fourteenth Amendment property claim to proceed, finding it not cognizable. (*See* Doc. Nos. 42, 44, 48, 49).

Ruiz clearly recognized that the claims were related but did not raise the excessive force claim in the *Curry* complaint. However, claim preclusion still applies if the claim "could have been raised" simultaneously with the other claim. *Fuller v. Duke*, 709 F. App'x 847, 848 (9th Cir. 2017). Claim preclusion bars "all claims that could have been asserted in the prior action" in order to further court efficiency and preserve court resources. *International Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993). There is no reason why Ruiz could not have raised both issues in a single complaint. Because Ruiz's against Mobert in the present matter and the *Curry* case arose from the same nucleus of facts, Ruiz should have advanced his excessive use of force claim in the *Curry* matter.

**E. Final Judgment on the Merits**

Next, the court considers whether Plaintiff's complaint in *Ruiz v. Curry, et al.*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal.) ended in a final judgment on the merits. That case was dismissed for "failure to state a cognizable claim" and judgment was entered against Plaintiff.

(*Id.* at Doc. Nos. 35-36). Subsequent appeals and motions for reconsideration of that judgment were unsuccessful and the case remains closed. (*Id.* at Doc. Nos. 37-41, 43-49).

A "final judgment on the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (internal quotations omitted). A dismissal for failure to state a claim constitutes as a final judgment on the merits. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). Plaintiff's *Curry* complaint was dismissed with prejudice for failure to state a claim. It thus qualifies as a final judgment on the merits.

### F. Identity or Privity Between Parties

Last, the Court considers whether identity or privity exists between the parties. Identity or privity is present when "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir. 1983) (citations omitted). The same parties' involvement in different matters establishes privity or identity between them. *In re Miller*, 81 F. App'x 89, 90 (9th Cir. 2003), as amended on denial of reh'g (Apr. 29, 2004). The parties in the present matter, Ruiz and Defendant Mobert, were both parties in the *Curry* matter. Privity or identity between them accordingly exists.

### III. CONCLUSION

Based upon a thorough review of the record and the filings in Case No. 1:17-cv-01407-DAD-SKO (E.D. Cal.) and applying governing law, the undersigned finds Defendant has satisfied all elements required to establish claim preclusion. Ruiz did not file a response in opposition to the Motion, despite being afforded a second opportunity to do so. "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." Local Rule 230(c). Because Plaintiff's sole claim is precluded, the undersigned recommends that Defendant's Motion (Doc. No. 57) be granted and this case be dismissed.

Accordingly, it is RECOMMENDED:

1. Defendant's Motion to Dismiss (Doc. No. 57) be GRANTED.
2. This matter be dismissed with prejudice

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: June 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE