UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. MOBERT,<br><br>　　　　　Defendant. | Case No.  1:17-cv-00709-AWI-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. No.  66) |

　　　　On November 9, 2022, Plaintiff filed a motion requesting the Court, <u>inter alia</u>, reopen this case.  (Doc. No. 66).  The Court liberally construes the motion under Federal Rule of Civil Procedure 60.  For the reasons stated below, the court denies the motion.

　　　　The docket reveals that the Court granted Defendant's motion to dismiss and judgment was entered in favor of the Defendant on August 31, 2021.  (Doc. Nos. 64, 65).  Plaintiff did not timely file either a Rule 59 motion or appeal the judgment.  Indeed, over a year has elapsed since judgment was entered.

　　　　The construed motion is 9 pages in length.  Plaintiff requests that his case be re-opened because he does not speak English.  (Doc. No. 66).  Additionally, Plaintiff requests an attorney who speaks both English and Spanish.  (*Id*.).  Liberally construed, plaintiff explains that he delayed in filing the instant motion because he did not receive the judgment or the order adopting the findings and recommendations to grant Defendant's motion to dismiss in Spanish.  (*Id*. at 2-

3). Finally, Plaintiff argues his case should be reopened because the Court discriminated against, obstructed justice, delayed the case's procedures, and denied hm access to the court because he was not granted and was required to write his motions in English. (*Id*. at 3).

The Court construes the motion as seeking relief from a judgment under Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be brought within a reasonable time. And, for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. A Rule 60(b) motion lies within the discretion of the court. Because such motions undo a final judgment, relief under Rule 60(b) is limited and granted sparingly in extraordinary circumstances. See Navajo Nation v. Dep't of the Interior, 876 F.3d 1144, 1173 (9th Cir. 2017).

Because Plaintiff's motion does not specify any of the six enumerated reasons, the Court construes the motion as brought under the broad reach of Rule 60(b)(6). While broad in reach, relief under Rule 60(b)(6) nonetheless requires a fact-intensive balancing of finality and doing justice. See Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017).

Plaintiff's motion is devoid of any reason why the Court should reconsider its previous judgment and reopen this case under Rule 60. Plaintiff states he does not speak English and that his case should be reopened due to the language barrier he encountered and because the Court did not appoint him counsel. Plaintiff's motion is untimely and does not state any extraordinary

2

circumstance as to what prevented him from taking timely action nor does Plaintiff explain how reopening the case will correct an erroneous judgment. See Navajo Nation, 876 F.3d at 1173. Plaintiff cannot resurrect this closed action.

    Accordingly, Plaintiff's construed motion for relief from judgment (Doc. No. 66) is DENIED.

IT IS SO ORDERED.

Dated:   January 11, 2023                                      
                                                SENIOR DISTRICT JUDGE